# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mauricio Leon,   #277794, | ) |
| | )   CIVIL ACTION NO. 3:08-3332-TLW-JRM |
| Petitioner, | ) |
| | ) |
| v. | )   **REPORT AND RECOMMENDATION** |
| | ) |
| Michael McCall, Warden, | ) |
| Perry Corr Facility, | ) |
| | ) |
| Respondents. | ) |

Petitioner, Mauricio Leon ("Leon") is an inmate at the South Carolina Department of Corrections ("SCDC") serving a sentence of twenty-five (25) years for drug trafficking offenses. Leon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 6, 2008. Respondents filed a return and motion for summary judgment on January 21, 2009. Because Leon is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 22, 2009 explaining to him his responsibility to respond to the motion for summary judgment. Leon filed his response on February 23, 2009.

## Background and Procedural History

In February of 2001 the Spartanburg County Sheriff's Office made two controlled purchases of drugs through a confidential informant ("CI") from Leon and a co-defendant. On February 27, 2001, Leon was arrested as he attempted to sell a pound of cocaine to the CI for $13,000.00.

Leon pled guilty to the charges on August 28, 2001. He was represented by David G. Ingalls, Esquire. Leon is Hispanic and two interpreters were present. Jilis Alverez was an interpreter used by Ingalls, and John Morton was an interpreter recognized by the court as the "official interpreter for

1

the purpose of translation during this plea process" as he had "previously been approved by the Court as a translator pursuant to the statute." (App. 5). Leon's pleas were accepted and he was sentenced. Leon did not file a direct appeal.

Leon filed an application for post-conviction relief ("PCR") on May 15, 2002. (App. 103). An evidentiary hearing was held on May 25, 2004. Symmes Culbertson, Esquire, represented Leon. An interpreter was used to translate the hearing for Leon's benefit. (App. 158). On October 28, 2004 the PCR court issued an order granting relief, finding that Leon's trial counsel was ineffective for not objecting to the failure of the court to administer an oath to the interpreter at the guilty plea. (App. 207).

The State appealed the order by way of a petition for writ of certiorari to the South Carolina Supreme Court. (Res.Mem., Ex. 2). By order dated February 15, 2006, the appeal was transferred to the South Carolina Court of Appeals pursuant to Rule 227(1) SCACR. (Res.Mem., Ex. 4). The Court of Appeals granted the petition for writ of certiorari on June 8, 2007. (Res.Mem., Ex. 5). The Court of Appeals reversed the decision of the PCR court finding that Leon had neither shown error on the part of his trial attorney nor prejudice. *See* Strickland v. Washington, 446 U.S. 668 (1984); Leon v. South Carolina, 379 S.C. 448, 666 S.E. 2d 260 (Ct.App. 2008).

Leon filed a *pro se* motion in the Court of Appeals to remove counsel so that he could proceed *pro se*, (Res.Mem., Ex. 9), together with a petition for rehearing. (*Id.*) The petition for rehearing was denied on September 18, 2008. (Res.Mem., Ex. 10).

Leon filed his *pro se* petition for writ of habeas corpus in this Court on October 6, 2008. He then filed a *pro se* petition for writ of certiorari in the South Carolina Supreme Court, appealing the decision of the Court of Appeals. (Res.Mem., Ex. 11).

**Grounds for Relief**

In his present petition Leon asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** My Sixth and Fourteenth Amendment Rights to effective assistance of counsel was denied, rendering my custody unlawful, and in violation of the U.S. Constitution. My guilty plea was unknowing, involuntary, and unintelligent.

**Ground Two:** My Fifth and Fourteenth Amendment Due Process Rights were violated when I allowed to plead guilty without understanding the proceedings, which renders my custody unlawful and in violation of my U.S. Constitutional Rights.

**Discussion**

Respondent asserts that the present petition should be dismissed because Leon's petition for writ of certiorari remains pending before the South Carolina Supreme Court, and therefore, his claims are not exhausted. Leon has moved to stay this action pending resolution by the South Carolina Supreme Court.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1. **Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United

States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[1] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim],

---

[1] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

5

the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

### 2. Procedural Bypass[2]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines

---

[2]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d

907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective

8

assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocense. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his motion to stay this proceeding, Leon argues that he filed his "petition in order to preserve his ability to present his claims to the Federal Courts" and cites "the unconventional manner in which his case processed through the South Carolina Appellate Court system." He argues his case should be stayed pursuant to the suggestion in Duncan v. Walker, 533 U.S. 167 (2001).

The undersigned observes that there has been nothing unusual concerning the state appellate process and Leon having any problem with the Anti-terrorism and Effective Death Penalty Act statute of limitations, 28 U.S.C. § 2244(d)(1), is due to his waiting over eight (8) months to file his

9

PCR after his conviction became final and his *pro se* petition for writ of certiorari to the South Carolina Supreme Court after reversal by the Court of Appeals. The "stay and abeyance" procedure suggested by Duncan relates to petitions "when the failure to retain jurisdiction would foreclose federal review." Duncan, 533 U.S. at 183. Such does not appear to be the case here.[3]

### Conclusion

Petitioner's claims are not exhausted as he has an appeal before the South Carolina Supreme Court. It is therefore recommended that Respondents' motion for summary judgment be **granted** and Petitioner's motion to stay be **denied**.

_____
Joseph R. McCrorey
United States Magistrate Judge

July 27, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

---

[3] Leon asks that if his motion to stay is not granted that this Court advise him as to how long he would have to file another habeas action should he be unsuccessful in the South Carolina Supreme Court. The undersigned declines to offer a precise calculation, but it appears that the statute of limitations is presently tolled.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).