# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| Mauricio Leon, #277794, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:08-3332-TLW-JRM |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael McCall, Warden; | ) | |
| Perry Corr Facility, | ) | |
| | ) | |
| Respondents. | ) | |

The undersigned filed a Report and Recommendation ("the R&R") on July 27, 2009 recommending that this case be dismissed for lack of exhaustion. By order filed September 1, 2009, the Honorable Terry L. Wooten, United States District Judge, remanded the case for a second Report and Recommendation to address the merits of the grounds set forth by the Petitioner, Mauricio Leon ("Leon").[1] Respondent has filed a "Supplemental Return" and Leon has responded to it.

In addition to the procedural history contained in the R&R, Leon appealed the decision of the Court of Appeals of South Carolina reversing the favorable ruling of the PCR court raising the following issue by a *pro se* writ of certiorari:

> I. THE COURT OF APPEALS ERRED TO DENY RESPONDENT'S PETITION FOR REHEARING BECAUSE THE COURT'S REVERSAL OF RESPONDENT'S GRANT OF POSTCONVICTION RELIEF WAS BASED UPON A MISINTERPRETATION OF THE EVIDENCE.
>
> II. POST-CONVICTION RELIEF WAS AN APPROPRIATE RESPONSE TO TRIAL COUNSEL'S FAILURE TO INSURE THAT LEGALLY SUFFICIENT TRANSLATION SERVICES WERE PROVIDED TO RESPONDENT AT THE

---

[1] Leon's grounds for relief are set forth (absent "Supporting Facts") in the R&R and will not be repeated here.

1

TIME OF HIS GUILTY PLEA.

Respondent, in its return framed the issue as follows:

Did the South Carolina Court of Appeals properly reverse the post-conviction relief court's grant of relief where the court-appointed interpreter did not appear to be sworn at the plea hearing but Petitioner utterly failed to prove prejudice when he admitted at the PCR hearing that he would not have gone to trial instead of pleading guilty regardless?

The petition for writ of certiorari was denied by the South Carolina Supreme Court on February 4, 2009.

## **Discussion**

Leon has stated two grounds for relief with a rather lengthy recitation of "Supporting Facts" in his petition. Respondent argues that the only claim that is not procedurally defaulted is Leon's core claim that his trial attorney was ineffective for failing to object to the interpreter not being administered an oath at the change of plea hearing. This was the sole basis of the order of the PCR court which granted relief to Leon.[2] The ineffective assistance of counsel claim was the only issue addressed by the Respondent in appealing the order of the PCR court, and in Leon's response. Further, it was the only issue addressed by the Court of Appeals in reversing the PCR court. Last, the only issues raised in Leon's *pro se* Petition for Writ of Certiorari in the South Carolina Supreme Court were that the Court of Appeals erred in denying his motion for rehearing and that the PCR court's decision was correct. The undersigned, therefore, concludes that the only issue properly before this Court is a claim that Leon's trial counsel was ineffective for failing to object to no oath being administered to the interpreter. *See* discussion in the R&R on exhaustion.

---

[2]Even though Leon raised issues similar to those in the "Supporting Facts" of his present petition in his application for post-conviction relief, those issues were not addressed by the PCR court and Leon made no attempt to have the PCR court rule on them.

2

Since Leon filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

* * *

3

> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

4

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added).

<u>Strickland</u> at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the <u>Strickland</u> test. See <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann</u>." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the <u>Strickland</u> test. The prejudice prong of the <u>Strickland</u> test is modified and the petitioner must show

"that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

It is conceded that the trial court did not administer an oath to the interpreter at the change of plea hearing in violation of South Carolina procedure. It is further conceded that trial counsel did not object to the court's oversight. The Court of Appeals found:

> **HEARN, C.J.** : Mauricio Leon filed a post-conviction relief (PCR) application on May 15, 2002, alleging his guilty plea was involuntary, ineffective assistance of counsel, and denial of due process of law. The PCR judge vacated Leon's conviction and ordered a new trial. We reverse.
>
> **FACTS**
>
> Leon pled guilty to following offenses: (1) trafficking more than 400 grams of cocaine: (2) two counts of trafficking 10 to 28 grams of methamphetamine; and (3) trafficking 10 to 28 grams of cocaine. Leon is a native of Mexico and speaks very little English. The interpreter present at the guilty plea hearing, while approved by the court, did not appear to be under oath. Leon was sentenced to twenty-five years and a $200,000 fine for trafficking more than 400 grams of cocaine, to run concurrent with sentences of ten years and a $25,000 fine for each of the remaining three charges. The sum of his sentence was twenty-five years of incarceration and fines amounting to $275,000.
>
> Leon filed a PCR application, and a hearing was held. The PCR judge granted Leon's petition for PCR, finding Leon's counsel was ineffective for failing to object to the interpreter not being sworn at the guilty plea hearing. The PCR judge found "the trial counsel's failure to preserve the issue of the omission of the interpreter's oath [constitutes] ineffective assistance of counsel." As a result, the State petitioned this court for writ of certiorari.
>
> **LAW/ANALYSIS**
>
> The State contends the PCR judge erred in granting; Leon's PCR application. Specifically the State argues Leon failed to meet both prongs of the Strickland test for ineffective assistance of counsel. We agree.
>
> In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the applicant's case. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cherry v. State, 300 S.C. 115, 117, 386 S.E.2d 624, 625 (1989). To show

counsel was deficient, the applicant must establish counsel failed to render reasonably effective assistance under prevailing professional norms. Strickland, 466 U.S. at 687; Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. When a guilty plea has been entered, the applicant must prove counsel's representation was below the standard of reasonableness and but for counsel's unprofessional errors, there is a reasonable probability the applicant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Alexander v. State, 303 S.C. 539, 543, 402 S.E. 2d 484, 485 (1991). In determining guilty plea issues, it is proper to consider the guilty plea transcript, as well as evidence at the PCR hearing. Harres v. Leeks, 282 S.C. 131, 133, 318 S.E.2d 360, 361 (1984).

Even if we assume counsel's performance was deficient, Leon has the burden to establish prejudice under the two-prong Strickland test. "[I]n order to satisfy the 'prejudice' requirement [in the context of a guilty plea], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Alexander, 303 S.C. at 542, 402 S.E.2d at 485. Here, Leon testified he did not understand the interpreter provided by the court because he was nervous and the interpreter spoke too fast. However, when asked during direct-examination if he would have gone to trial instead of pleading guilty if someone would have further explained his rights or possible defenses, Leon's response was, "No." Thus, Leon fails to prove the deficient performance by his attorney prejudiced his case. Because Leon did not establish prejudice, the PCR court erred in granting PCR. Therefore, the order of the PCR court is

**REVERSED.[3]**

Leon v. State, 379 S.C. 448, 666 S.E. 2d 260 (Ct. App. 2008).

The Court of Appeals applied the holdings of Strickland and Hill to Leon's case and found that Leon had failed to show prejudice. Leon has not established prejudice. The undersigned concludes that the ruling of the Court of Appeals was not contrary to or an unreasonable application of Supreme Court precedent to the facts of this case.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

$\overline{\phantom{XXXXXXXXXXXXXXXXX}}$
Joseph R. McCrorey
United States Magistrate Judge

September 2, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).